Angle, J.
By section 3228, Code Civ. Pro., a plaintiff is entitled to costs of course upon final judgment in an action triable by jury, brought to recover an interest in real property, or in which a claim of title to real property arises upon the pleadings. Under section 1544, an issue of fact joined in such an action is triable by jury. In Jones v. Emery (1 Civ. Pro. Rep., 338), this court held at special term that in an action to recover dower the plaintiff was, under the above provision, entitled to costs of course, and in VanWyck v. Baker (11 Hun, 309), it was held at general term that in an action by a judgment creditor to set aside a fraudulent conveyance of lands, the prevailing party was entitled to costs of course, under the Code of Procedure, because a claim of title arose on the pleadings. Under section 3228, I think plaintiff recovers her costs of course; but section 1559 declares that final judgment in partition must award that each defendant pay to plaintiff his proportion of plaintiff’s costs, and that the sum to be paid by each defendant must be fixed by the court according to the respective rights of the parties. In the present case those rights are, plaintiff one-third, defendant two-thirds, and under section 1559, the latter must pay two-thirds of plaintiff’s costs.
Costs in this case were not in the discretion of the referee; nor are they in the discretion of the court; nor can I find any authority for charging any portion of defendant’s costs upon the plaintiff. Whether partition is an equitable or legal action need not be decided; the question of costs does not depend upon that, but upon whether it is triable by jury, and whether a claim of title to real estate arises upon the pleadings.